# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| **LYNN A. AMOROSE, DANIELLE M. BARRON, PHILLIP JUSTIN BARNETTE, JOSHUA K. WILSON, KELCEY GILBERT,** and **ROBERT KULIG, JR.**, | ) ) ) ) ) ) | No. 06 C 6463 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **C.H. ROBINSON WORLDWIDE, INC.**, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| **RICHARD CAHN, MATTHEW CARTER, WILLIAM HORNE, WILLIAM NEAL WILLIAMSON III, DAVID A. EDSON, DERRICK STEIN,** and **JAMES C. ROGERS**, | ) ) ) ) ) ) | No. 06 C 6512 |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | |
| **C.H. ROBINSON WORLDWIDE, INC.**, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| **KARI S. JOHNSON, JENNIFER L. MAWSON, DARREN REID,** and **JAMES A. JOHNSON,** | ) ) ) ) | No. 06 C 6629 |
| Plaintffs, | ) ) ) | |
| v. | ) ) | |
| **C.H. ROBINSON WORLDWIDE, INC.**, | ) ) ) | |
| Defendant. | ) ) | |

| | |
|---|---|
| **HEIDI MICHELLE POEPSEL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 06 C 6664 |
| v. ) | |
| ) | |
| **C.H. ROBINSON WORLDWIDE, INC.,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant C.H. Robinson Worldwide, Inc. ("C.H. Robinson") has filed a motion under 28 U.S.C. § 1404(a) to transfer the above captioned cases, each of which raises claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, to the district encompassing the branch location where the plaintiffs purportedly worked and where the classification decision at issue in each suit were made. For case number 06 C 6463, defendant contends this is the Northern District of Georgia; for case number 06 C 6512, the Western District of Louisiana; for case number 06 C 6629, the Middle District of Tennessee; and for case number 06 C 6664, the Central District of Illinois. For the following reasons, I grant C.H. Robinson's motion and transfer the cases as requested.

I.

Plaintiffs' complaints in each of the cases at issue allege that C.H. Robinson, a third-party transportation logistics company, employed each of the plaintiffs at a branch office. (Poepsel Compl. at ¶ 5, Amorose Compl. at ¶¶ 5-10, Johnson Compl. at ¶¶ 5-8, Cahn Compl. at ¶¶ 5-11.) Plaintiffs further allege that C.H. Robinson misclassified each plaintiff as an exempt, salaried

2

employee during the relevant period when they should have been treated as non-exempt and therefore entitled to overtime pay for the hours they worked in excess of forty hours a week. (Cahn Compl. at ¶¶ 15-17, Poepsel Compl. at ¶¶ 9-11, Amorose Compl. at ¶¶ 14-16, Johnson Compl. at ¶¶ 12-14.)

Plaintiff Heidi Poepsel ("Poepsel") was allegedly employed at C.H. Robinson's Peoria, Illinois branch. (Poepsel Compl. at ¶ 5.) Plaintiff Lynn Amorose ("Amorose") and the other named plaintiffs to Amorose's complaint were allegedly employed at a C.H. Robinson branch in Atlanta, Georgia. (Amorose Compl. at ¶¶ 5-10.) Plaintiff Kari Johnson ("Johnson") and the other named plaintiffs to Johnson's complaint were allegedly employed at a C.H. Robinson branch in Nashville, Tennessee. (Johnson Compl. at ¶¶ 5-8.) Plaintiff Richard Cahn ("Cahn") and the other named plaintiffs to Cahn's complaint were allegedly employed at a C.H. Robinson branch in Shreveport, Louisiana. (Cahn Compl. at ¶¶ 5-11.) The parties do not dispute that none of the named plaintiffs in any of the above actions are residents of the Northern District of Illinois. Further, the parties do not dispute that C.H. Robinson is a Delaware corporation with its headquarters in Minnesota, although it does maintain a large branch in Chicago, Illinois.

The plaintiffs in each of the above suits were previously opt-in members of a putative FLSA class action brought in the District of Minnesota. The court decertified that putative class action, however, and dismissed the opt-in plaintiffs from the suit without prejudice. *See Carlson v. C.H. Robinson Worldwide, Inc.*, Civ. Nos.

3

02-3780 (JNE/JJG), 02-4261 (JNE/JJG), 2006 WL 2830015 (D. Minn. Sept. 26, 2006). After the class was decertified, the former opt-in plaintiffs filed a number of individual suits in other jurisdictions, including in the District of Minnesota and in the Northern District of Illinois. Other courts within the Northern District of Illinois have already transferred many of these cases to other jurisdictions. *See, e.g.*, *Burt v. C.H. Robinson Worldwide, Inc.*, No. 06 C 6540, slip op. at 11 (N.D. Ill. Mar. 12, 2007), *Quigley v. C.H. Robinson Worldwide, Inc.*, No. 06 C 6560 (N.D. Ill. Feb. 7, 2007), *Dowden v. C.H. Robinson Worldwide, Inc.*, No. 06 C 6505 (N.D. Ill. Dec. 18, 2006). C.H. Robinson represents, and plaintiffs do not dispute, that courts within the Northern District of Illinois have transferred at least twenty-two of these cases to other jurisdictions. (Def. Reply Br. at 3.)

II.

This court may transfer venue to another district or division for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). In ruling on a motion to transfer, a district court must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (internal citations omitted).

4

Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n.3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n.3 (7th Cir. 1998) (internal citation omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The movant, here C.H. Robinson, bears the burden of establishing that the transferee fora are clearly more convenient. *Coffey*, 796 F.2d at 219.

In these cases, the parties do not dispute that venue is proper in both the Northern District of Illinois and the venues to which C.H. Robinson seeks to transfer these cases (the Northern District of Georgia for the Amorose plaintiffs, the Western District of Louisiana for the Cahn plaintiffs, the Middle District of Tennessee for the Johnson plaintiffs, and the Central District of Illinois for Poepsel). The only disputed issues between the parties are whether the districts to which C.H. Robinson has requested these actions be transferred are more convenient fora, and whether transfer would be in the interests of justice. I consider these issues below.

5

III.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id*. at 1056. The burden is on the moving party to demonstrate that the balance of the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

A.  Plaintiff's Choice of Forum

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (internal citations omitted). Here, the plaintiffs' choice of forum was the Northern District of Illinois. However, it is

undisputed that none of the plaintiffs reside in the Northern District of Illinois. In addition, a plaintiff's choice of forum is afforded less deference when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no connection to the material events. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955). Here, C.H. Robinson argues that decisions about how to classify plaintiffs for purposes of the FLSA were made at the branch level, and that C.H. Robinson's operations within the Northern District of Illinois have no connection to the classification decisions at issue. Plaintiffs do not provide any argument in response. Therefore, while plaintiffs' choice of forum is entitled to some deference, it is but one factor to consider in ruling on defendants' motion.

B. Situs of Material Events

I must also consider the situs of the material events giving rise to plaintiffs' claims. Plaintiffs' claims center around C.H. Robinson's alleged misclassification of plaintiffs as non-exempt employees, and C.H. Robinson's alleged refusal to pay the plaintiffs overtime pay as the plaintiffs claim the FLSA requires. There is no evidence that any material events with respect to these allegations took place in the Northern District of Illinois, but some that the material events took place in the districts encompassing the branches where the plaintiffs purportedly worked. I can find no cases defining the situs of material events for FLSA cases, but it is logical to conclude that the situs of these events

7

is the location where the classification decisions about plaintiffs were made, and the location where plaintiffs worked when C.H. Robinson allegedly refused to pay them for overtime. There is no evidence that the Northern District of Illinois is in any way related to plaintiffs' claims, and plaintiffs do not contend that it is.[1] Therefore, this factor weighs in favor of transfer.

C. Convenience of the Parties

Another factor I must consider is the convenience of the parties. The defendant contends that the districts to which it seeks to have these cases transferred are more convenient than the Northern District of Illinois. C.H. Robinson alleges, and the plaintiffs do not dispute, that the plaintiffs reside in the districts to which they seek to have these cases transferred, or at least reside "substantially closer to the transferee district[s]." (Defs. Mot. to Transfer at 10.) As C.H. Robinson notes, the convenience of the plaintiffs' counsel, who is based in Chicago, is not relevant to my inquiry. *See, e.g., Koos, Inc. v. Performance Indus., Inc.*, 747 F. Supp. 487, 490 (N.D. Ill. 1990). In addition,

---

[1] Some courts consider the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. *See, e.g., Chicago, Rock Island & Pac. R.R. Co.*, 220 F.2d at 303. C.H. Robinson argues that the sources of proof concerning the classification decisions, including payroll records, etc., are located either at its headquarters in Minnesota or at the branch locations in the districts in which it seeks to have these cases transferred, so that factor would weigh in favor of transfer. Neither party has articulated what non-party witnesses they would need to compel to attend, so C.H. Robinson has not met its burden to show that this factor weighs in favor of transfer.

8

C.H. Robinson contends that the relevant witnesses from C.H. Robinson will come from the branch location in the districts in which it seeks to have these cases transferred, and potentially some witnesses from its corporate headquarters in Minnesota, but none from its offices in the Northern District of Illinois. In their response plaintiffs provide no argument that it is more convenient for them to litigate their claims in Chicago than to litigate in the proposed transferee districts, although plaintiffs do generally contend that the District of Minnesota is more convenient than the proposed transferee districts. For these reasons, I find that this factor weighs in favor of transfer.

### D. Convenience of the Witnesses

I must also consider the convenience of potential witnesses, looking beyond the number of witnesses to be called and examining the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Although C.H. Robinson generally identifies witnesses that it would call, including managers and co-workers at the branch level that would provide testimony about the branch's pay practices and work that the plaintiffs performed, these witnesses all appear to be party witnesses, although it is conceivable some former C.H. Robinson employees may be non-party witnesses. The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily. *See, e.g., First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (internal citation omitted). As with

other factors, the plaintiffs have provided no response why the Northern District of Illinois would be more convenient for witnesses; they have identified no witnesses who reside in this district. Therefore, this factor weighs in favor of transfer.[2]

IV.

In addition to considering the parties' private interests, I must consider the public interests of the court. Factors relevant to this inquiry include the transferor and transferee courts' familiarity with the applicable law and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.*, 889 F. Supp. at 1056; *see also Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004). Because this case concerns federal law, the familiarity with applicable law is neutral here. *See Bryant*, 48 F. Supp. 2d at 835. Therefore, I need only consider the effect of transfer on the efficient administration of justice.

C.H. Robinson presents Federal Court Management Statistics that demonstrate that the speed to trial in the proposed transferee districts is similar to or better than the speed to trial in the Northern District of Illinois. *See First Nat'l Bank*, 447 F. Supp.

---

[2] I do note, however, that some courts have concluded that a party must present actual evidence, such as through an affidavit, for a court to determine whether transfer is appropriate. *See, e.g., Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). Here, neither party has presented such affidavits, although plaintiff has waived any objection by not arguing that C.H. Robinson has not presented sufficient evidence in support of its position.

2d at 913-14 (considering speed to trial as part of the interests of justice). These statistics demonstrate that for the twelve-month period ending September 30, 2006, the median time from filing to disposition in civil cases in the Northern District of Illinois was 6.5 months, and the median time from filing to trial was 26.4 months. See Federal Court Management Statistics (2006), available online at http://www.uscourts.gov/fcmstat/index.html. In the Western District of Louisiana, the median time from filing to disposition was 12.8 months, and from filing to trial 25.5 months. Id. In the Northern District of Georgia, the median time from filing to disposition was 9.5 months, and from filing to trial 31 months. Id. In the Middle District of Tennessee, the median time from filing to disposition was 10.2 months, and from filing to disposition 25.4 months. Id. Finally, in the Central District of Illinois the median time from filing to disposition was 8.7 months, and from filing to trial 30 months. Id. While the Northern District of Illinois did have a shorter time from filing to disposition than any of these districts, the time from disposition to trial was relatively similar in all the districts. Consequently, this factor is relatively neutral in the transfer analysis.

However, as C.H. Robinson argues, some courts have held that one factor to consider in assessing the public interests of the court is the relationship of the communities to the litigation. *See, e.g., Chicago, Rock Island and Pac. R.R. Co.*, 220 F.2d at 304. Although C.H. Robinson has a presence in this district as well as

11

the proposed transferee districts, because the transferee districts are where the plaintiffs purportedly worked when they were denied overtime pay, those districts have a much greater interest in the litigation. *See Bryant*, 48 F. Supp. 2d at 835 (holding that state in which plaintiff worked when he was denied benefits had a stronger interest in resolving the litigation). Therefore, for this reason I conclude that the public interests of the court weigh in favor of transfer to the proposed transferee districts.

V.

As described above, plaintiffs do not really contest most of the factors weighing in favor of transfer, but they nevertheless argue that I should not decide C.H. Robinson's transfer motion at this time, but instead should wait until Judge St. Eve resolves a motion to consolidate all of these cases in this district against C.H. Robinson. (Pls. Resp. at 4.) The plaintiffs in two cases before Judge St. Eve brought such a motion, but the dockets for those cases show that Judge St. Eve denied both motions. *See Hyde v. C.H. Robinson Worldwide, Inc.*, No 06 C 6458, slip op. at 1 (N.D. Ill. Feb. 27, 2007); *Sparks v. C.H. Robinson Worldwide, Inc.*, No. 06 C 6461, slip op. at 1 (N.D. Ill. March 1, 2007). In addition, Judge St. Eve granted C.H. Robinson's motion to transfer the Hyde matter to the Middle District of Florida, *see Hyde*, No. 06 C 6458, slip op. at 1 (N.D. Ill. Feb. 27, 2007), and there is a motion pending to transfer the Sparks matter elsewhere as well. *See Sparks*, No. 06 C 6461, slip op. at 1 (N.D. Ill. Feb. 2, 2007). Plaintiffs have not indicated that there are any other pending

12

motions to consolidate that might affect the case now before me, and because the motions to consolidate before Judge St. Eve have been resolved there is no reason for delay on that basis.

Plaintiffs have also argued in the alternative that all cases should remain in this district so that they can be consolidated, discovery can be conducted jointly, and the resolution of legal issues can be uniform. (Pls. Resp. at 6-7.) Moreover, they state that they intend to file a petition with the Panel for Multidistrict Litigation (the "Panel") seeking an MDL in this district, and contend that it makes sense to wait until after the MDL panel has ruled before I rule on defendant's motion. (Id. at 3-4.) Plaintiffs have not represented that such a petition has actually been filed. In addition, as C.H. Robinson points out, the Rules of Procedure of the Judicial Panel on Multidistrict Litigation specifically state that the pendency of a motion before the Panel "does not affect or suspend orders and pretrial proceedings in the district court in which the action is pending and does not in any way limit the pretrial jurisdiction of that court." RULE 1.5 OF PROC. OF THE JUDICIAL PANEL ON MULTIDISTRICT LITIG. Nothing in the rules of procedure for the Panel suggests that district courts should delay proceedings pending the outcome of a decision by the Panel, and plaintiffs have cited no other support for this proposition. In addition, as discussed above, numerous other courts in this district have already granted motions to transfer these cases to other jurisdictions, and plaintiffs have made me aware of no pending motion to actually consolidate these

13

cases in this district. It does not make sense to delay these actions further for a hypothetical future motion.

In the alternative, plaintiffs contend that I should transfer these actions to the District of Minnesota because Judge Ericksen in that district is already familiar with the law at issue in these cases, and because C.H. Robinson is headquartered in that district. (Pls. Resp. at 6-7.) In addition, plaintiffs contend that settlement would be easier to achieve were these cases transferred to the District of Minnesota because settlement efforts are already underway to resolve other cases in that district. (Id.) Further, plaintiffs contend that key witnesses and evidence are located at C.H. Robinson's Minnesota headquarters. (Id. at 7.) Even if some evidence and witnesses are located in Minnesota, plaintiffs have failed to establish that Minnesota would be a more convenient forum than defendants' proposed transferee fora. Further, plaintiffs have not formally moved to have this action transferred to Minnesota. In the absence of a formal motion and the required showing under 28 U.S.C. § 1404(a), which plaintiffs have failed to make, I cannot conclude that this action should be transferred to the District of Minnesota.

VI.

For the above reasons, I grant C.H. Robinson's motion and hereby transfer Case No. 06 C 6463 to the Northern District of Georgia, Case No. 06 C 6512 to the Western District of Louisiana, Case No. 06 C 6629 to the Middle District of Tennessee, and Case No. 06 C 6664 to the Central District of Illinois.

                          **ENTER ORDER:**

                          _____
                          **Elaine E. Bucklo**
                          United States District Judge

Dated: April 6, 2007